IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARMON BRIDGEMON, ) | |
| ) | |
| Plaintiff, ) | **JURY TRIAL DEMANDED** |
| ) | |
| v. ) | Cause No. **22-cv-02914** |
| ) | |
| Unknown SWAT Team members, ) | |
| in their official and personal capacities, ) | |
| ) | |
| Unknown SWAT Training Facility, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff ARMON BRIDGEMON for his complaint against Unknown Chicago Police Department SWAT Team members and Unknown SWAT Training Facility, states as follows:

### INTRODUCTION

1. This is an action for money damages and declaratory relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, against Unknown Chicago Police Department SWAT Team members and Unknown SWAT Training Facility.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction of Plaintiff's cause of action arising under the Illinois state law pursuant to 28 U.S.C. § 1367.

3. Venue lies in the United States District Court of the Northern District of Illinois because at least one of the defendants resides in the Northern District of Illinois, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in a plaintiff's home located in the Northern District of Illinois. 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

**PARTIES**

4. Plaintiff ARMON BRIDGEMON is an adult citizen living at 1553 W. 91st Street in the City of Chicago.

5. Unknown Chicago Police Department SWAT Team members are members of the Chicago Police Department, and are sued in their official and personal capacities.

6. Unknown SWAT Training Facility is the facility where the SWAT Team members received their SWAT training, and is sued in their official and personal capacities.

**BACKGROUND**

7. On or around February 17, 2022, the plaintiff was at home with his brother, Avimalik Bridgemon, and his soon-to-be-ex-wife, Kori Bridgemon. At appropriately 9:30 p.m. that evening, the plaintiff and his brother attempted to exit the front door of his 3rd floor apartment. His brother, Avimalik Bridgemon, needed to go to work. However, SWAT officers on the landing outside the plaintiff's front door informed him that he could not leave the building. The plaintiff and his brother went back into the plaintiff's apartment.

8. At approximately 10:45 p.m., there was a banging at the front and back doors of the apartment. The plaintiff examined the back door, and saw nothing. He then went

to the front door, and opened it. At this point, approximately 6 SWAT team members approach the plaintiff with guns drawn, and inform him, pursuant to the training they received at the Unknown SWAT Training Facility, that they need his apartment in order to monitor activities in the apartment across the landing from the plaintiff's apartment. These six SWAT team members rotated in and out of the plaintiff's apartment for 5 to 6 hours.

9. At approximately 2 to 3:00 a.m., the SWAT team determined that the building needed to be evacuated, because the resident in the apartment across the landing from the plaintiff's apartment was holding a child hostage.

10. The plaintiff and his family members leave *via* the rear entrance to the apartment, and are escorted to a waiting CTA bus. After waiting in the CTA bus for around 15 minutes, the plaintiff leaves the bus, finds his car, and drives to another family members abode.

11. When the plaintiff returns to his apartment later that morning, he finds the front door open and the apartment littered with debris.

12. At all relevant times, Defendants were acting under color of law and under color of authority as employees, agents or servants of the Chicago Police Department.

13. As a direct and proximate result of the acts of Defendants, acts that violated clearly established and well-settled federal constitutional and statutory rights, Armon Bridgemon suffered the following injuries and damages:

## COUNT I

*42 U.S.C. §1983 Against Defendant SWAT Team members*

14. Plaintiff re-alleges and incorporates by reference ¶¶ 1-13.

15. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant SWAT team members for violation of Plaintiff's constitutional rights under color of law and/or color of authority when they violated his constitutional right under the Fourth Amendment of the Constitution of the United States of America to be free from unusual search and seizure when Defendant SWAT team members, commandeered the plaintiff's apartment at gun-point in order to better survail his neighbor's apartment.

## COUNT II

*Failure to Protect Against Defendant SWAT team members*

16. Plaintiff re-alleges and incorporates by reference ¶¶ 1-15.

17. Plaintiff claims Failure to Protect damages against Defendant SWAT team members when Defendant SWAT team members, failed to intervene against each other to prevent the violation of Plaintiff's constitutional rights under color of law and/or color of authority when they violated his constitutional right under the Fourth Amendment of the Constitution of the United States of America to be free from unusual search and seizure when Defendant SWAT team members commandeered the plaintiff's apartment at gun-point in order to better survail his neighbor's apartment.

## COUNT III

*42 U.S.C. §1983 Against Defendant Unknown SWAT Training Facility*

18. Plaintiff re-alleges and incorporates by reference ¶¶ 1-17.

19. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above

against Defendant SWAT Training Facility for violation of Plaintiff's constitutional rights under color of law and/or color of authority when they violated his constitutional right under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America by offering explicitly or implicitly techniques that undercut the police academy's training on protecting citizens' constitutional rights. In particular, approximately 6 SWAT team members approached the plaintiff with guns drawn, and informed him, pursuant to the training they received at the Unknown SWAT Training Facility, that they need his apartment in order to monitor activities in the apartment across the landing from the plaintiff's apartment. This training led directly to the violations the plaintiff complains of here.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

- A. Enter judgment in favor of Plaintiff and against Defendants;
- B. Enter an order declaring Defendants' conduct unconstitutional and in violation of Illinois state law;
- C. Award Plaintiff compensatory and punitive damages against Defendants in the amount of $500,000.00;
- D. Award Plaintiff reasonable fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;
- E. Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including, but not limited to, appropriate injunctive relief.

**JURY TRIAL DEMAND**

    Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

                                                  Respectfully submitted,

                                                  _/s/Larry Redmond_
                                                  Larry Redmond
                                                  11747 S. Longwood Dr.
                                                  Chicago, Illinois 60643
                                                  630-805-0981
                                                  Larry.redmond33@gmail.com
                                                  Attorney #6192358